UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY W. JOINER,

       Petitioner,

v.                                               Civil Action Number: 2:12-cv-12147
                                               Honorable Patrick J. Duggan

J. S. WALTON,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

       This is a habeas case brought pursuant to 28 U.S.C. § 2241. Petitioner Jimmy W. Joiner is a federal prisoner currently confined at a Federal Correctional Institution (FCI) in Milan, Michigan. He filed this *pro se* habeas petition seeking relief from his federal criminal sentence. Because Petitioner is challenging the validity of his conviction and/or sentence, the Court finds that he improperly brings this action under § 2241, and therefore, his petition must be dismissed.

**Background**

       Pursuant to Petitioner's pleadings, he has been in continuous federal custody since August 15, 1984, and incarcerated under five federal sentences which are consecutive. He currently is serving the last of the five consecutive sentences, with an expected release date of November 9, 2013. (*See* Doc. 1 ¶ 4.)

       On August 18, 2003, at 2:30 p.m., Petitioner was arrested at a FCI in Forrest City,

Arkansas, on a warrant issued by the Clerk of the Court of the Untied States District Court in Little Rock, Arkansas. He was taken and placed in the Pulaski County Jail in Little Rock. At approximately 10:00 a.m., the following day, he was arraigned.

According to Petitioner, he is improperly incarcerated because his confession was inadmissible pursuant to 18 U.S.C. § 3501 in that it was given after an unreasonable delay in his arraignment. Notably, the Supreme Court found § 3501 unconstitutional in *Dickerson v. United States*, 530 U.S. 428, 432, 444 (2000).[1] Petitioner requests that the

---

[1] In the wake of the Supreme Court's decision in *Miranda v. Arizona*, 383 U.S. 436 (1966), Congress enacted 18 U.S.C. § 3501, which in essence laid down a rule that the admissibility of confessions should turn only on whether or not they were voluntarily made. The statute stated, in relevant part:

> (a) In any criminal prosecution brought by the United States or by the District of Columbia, a confession . . . shall be admissible in evidence if it is voluntarily given. Before such confession is received in evidence, the trial judge shall, out of the presence of the jury, determine any issue as to voluntariness. If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.
>
> (b) The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and (5) whether or not such defendant was without the assistance of counsel

Court vacate his sentence and that he be immediately released.

## Standard of Review

Rule 4, of the Rules Governing Section 2254 cases, provides that the court shall promptly examine a petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. Rule 4, Rules Governing Section 2254 cases; *see also McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions filed under § 2241. See Rule 1(b), Rules Governing Section 2254 Cases. After undertaking a Rule 4 review of the petition, the Court concludes that summary dismissal is appropriate.

---

when questioned and when giving such confession.

The presence or absence of any of the above–mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

18 U.S.C. § 3501.

This statute was declared unconstitutional by the Supreme Court in *Dickerson*. The *Dickerson* Court found that *Miranda*, being a constitutional decision of the Court, may not be in effect overruled by an Act of Congress. The Supreme Court therefore declined to overrule *Miranda*. The *Dickerson* Court held that *Miranda* and its progeny govern the admissibility of statements made during custodial interrogation in both state and federal courts.

## Discussion

### Claim not properly filed under 28 U.S.C. § 2241

Petitioner is requesting that his sentence be vacated and that he be immediately released. The question is whether Petitioner's claim is properly brought under § 2241.

If a federal prisoner seeks to attack the execution of his sentence by challenging the computation of his parole or sentencing credit, he may do so by filing a petition for a writ of habeas corpus under § 2241 in the district court having jurisdiction over his case. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Section 2241 also is the proper remedy for challenging the execution or manner in which a sentence is served, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.2001), and execution of a sentence includes challenges to the place of imprisonment, *see Jalili*, 925 F.2d at 893, and prison transfers, *Jiminian v. Hash*, 245 F.3d 144, 146 (2d Cir. 2001).

Section 2255, in comparison, is used to challenge the validity of the conviction and/or sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *Jalili*, 925 F.2d at 893). A motion to vacate, set aside, or correct a sentence pursuant to § 2255 is proper where a federal prisoner claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Id.*; *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and/or sentence under § 2241, instead of § 2255, if he is able to establish that

his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). This is set forth in § 2255's "savings clause." 28 U.S.C. § 2255(e). The prisoner has the burden to prove that his remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). A prisoner's remedy under § 2255 is not inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255 because the prisoner already filed one motion to vacate or has been denied permission to file a second or successive motion to vacate. *Peterman*, 249 F.3d at 461.

The Sixth Circuit Court of Appeals has held that § 2255's savings clause "may only be applied when the petitioner makes a claim of actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) (citing *Martin*, 319 F.3d at 804). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id.*

Petitioner argues that, because of the six-hour delay in his arraignment in which he apparently confessed, the confession should have been excluded under 18 U.S.C. § 3501. Nowhere does he allege that he is actually innocent of the crime(s) for which he subsequently was convicted. Thus Petitioner fails to satisfy that § 2255 is inadequate or ineffective to assert his claim. *Perez*, 319 F.3d at 804. As such, Petitioner is barred from

seeking habeas relief based on this claim under § 2241. The Court cannot *sua sponte* construe his present habeas petition as a motion to vacate sentence brought under § 2255. *See In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).

Accordingly,

**IT IS ORDERED**, that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED WITH PREJUDICE**. A certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241. *See* 28 U.S.C. § 2253(c)(1); *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Thus Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the dismissal of his habeas petition.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

DATED: June 6, 2012

Copy to:

Jimmy Joiner, #01834-028
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160